Opinion by
Rice, P. J.,
By reference to the quite full and accurate report of this case in 58 Pa. Superior Ct. 52, it will be seen that the assignments of error were of two classes. The first related to the refusal to give binding direction for the defendant. The second class related to instructions given by the court in answers to certain points that were submitted. If the point for binding direction was proper under the evidence, the judgment should have been reversed and judgment entered for the defendant. If, however, the other assignments were sustained, and not *531 the assignment as to refusal of binding direction, then it was proper to reverse the judgment and send the case back for new trial. This will be seen upon examination of the opinion originally filed by us. But it is now claimed that the only question before us properly was, whether the case was one calling for binding direction in the defendant’s favor. Certainly that is not the correct view if the assignments of error are to be considered. And we see no reason why all of them were not before us for consideration. In other words, the fact that the defendant withdrew its motion for new trial, and in the court below relied on its motion for judgment non obstante veredicto, did not constitute a waiver of errors in the charge which were made the subject of the assignments. It is often deemed courteous, and in some cases highly proper, that a motion for a new trial should be made in the court below in order that it may take such action as will avoid the necessity of an appeal. But we know of no rule of law which makes it imperative upon a party to move for a new trial in the court below because of erroneous instructions contained in the charge. Therefore, the defendant, having excepted to the charge, cannot be deemed to have waived its right to object to such instructions upon appeal. It is suggested that appellant’s counsel did not ask for a new trial upon the argument in this court. It is true the main argument was addressed to the question of binding direction. But the other assignments of error were on the record and we deemed it incumbent on us to pass upon them. We certainly did not understand, and counsel for defendant do not concede, that they were withdrawn or waived. Upon full consideration and reconsideration we are of opinion that our former decision on the appeal was correct in point of law as well as in point of practice.
The petition for reformation of the judgment is denied.